UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CEDRIC LAVAR BROWN[1],

    Petitioner,

vs.                                       Case No.:   3:17-cv-529-J-32JRK
                                                                        3:14-cr-101-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Cedric Lavar Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) and Motion to Supplement (Civ. Doc. 5).[2] In the § 2255 Motion, Petitioner alleges that the Court wrongly sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and that appellate counsel gave ineffective assistance. In the Motion to Supplement, Petitioner seeks to add a claim that the Court lacked subject matter jurisdiction over the case. The United States responded in opposition to both motions. (Civ. Docs. 4, 7).

---

[1]    Petitioner's middle name is spelled "Levar" on the criminal docket but "Lavar" on the civil docket.

[2]    Citations to the record in the criminal case, <u>United States vs. Cedric Levar Brown</u>, No. 3:14-cr-101-J-32JRK, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:17-cv-529-J-32JRK, will be denoted "Civ. Doc. __."

1

The Court stayed this case pending the Supreme Court's decision in Shular v. United States, 140 S. Ct. 779 (2020). Afterward, the Court instructed the parties to submit supplemental briefs, which the Court has considered. (Civ. Doc. 14, United States' Supp. Brief, Civ. Doc. 15, Petitioner's Supp. Brief). Thus, the case is ripe for a decision.

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons below, Petitioner's § 2255 Motion, as supplemented, is due to be denied.

**I.     Background**

On May 28, 2014, a federal grand jury indicted Petitioner on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. Doc. 14, Indictment). A few months later, Petitioner pleaded guilty to the charge without a plea agreement. (Crim. Doc. 35, Notice of Maximum Penalty, Elements of the Offense, and Factual Basis; Crim. Doc. 73, Change-of-Plea Transcript). Petitioner admitted that, despite being a convicted

felon, in May 2014 he possessed a Jiminez Arms 9 millimeter pistol and sold it to a confidential informant. (Crim. Doc. 73 at 23–24). Petitioner further admitted that the gun had been "manufactured in Nevada and necessarily traveled in interstate commerce by its presence in Duval County, Florida, on or about May 5th, 201[4]." (Id. at 24); (see also Crim. Doc. 35 at 3). The Magistrate Judge who presided over the plea colloquy reported that "[a]fter cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense." (Crim. Doc. 36). Without objection, the Court accepted Petitioner's guilty plea and adjudicated him accordingly. (Crim. Doc. 38).

Petitioner was initially scheduled to be sentenced on August 19, 2015, but at Petitioner's request, the Court continued the sentencing hearing to give him an opportunity to cooperate with state authorities regarding an unrelated homicide investigation. (See Crim. Doc. 74, Sentencing Transcript Vol. I). The Court and the parties reconvened on February 23, 2016. (Crim. Doc. 78, Sentencing Transcript, Vol. II). Counsel conceded that Petitioner was going to qualify for an enhanced 15-year mandatory minimum sentence under the ACCA, 18 U.S.C. § 924(e), because he had three prior convictions for a serious drug offense. (Id. at 12–13). However, at Petitioner's request, the Court again

continued the sentencing hearing to give Petitioner an opportunity to obtain a substantial assistance reduction based on third-party cooperation.

Ultimately, neither Petitioner's efforts nor third-party cooperation resulted in the United States moving for a substantial assistance reduction. The case eventually proceeded to sentencing on June 22, 2016. (Crim. Doc. 75, Sentencing Transcript Vol. III). According to the Presentence Investigation Report (PSR), Petitioner was subject to a 15-year mandatory minimum sentence under the ACCA based on three prior convictions in Florida for the sale or delivery of cocaine. (Crim. Doc. 62, PSR at ¶ 23). Upon review of certified records of the prior convictions, the Court determined that Petitioner qualified for the ACCA enhancement. (Crim. Doc. 75 at 7–12). Although the guidelines recommended a sentence between 188 and 235 months in prison (Crim. Doc. 62 at ¶ 90), the Court varied below the guidelines range and sentenced Petitioner to the mandatory minimum term of 180 months. (Crim. Doc. 75 at 27; Crim. Doc. 65, Judgment).

Petitioner filed a notice of appeal from the judgment. (Crim. Doc. 67). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. United States v. Brown, No. 16–14708 (11th Cir.), Dkt. Entry of Oct. 3, 2016. In response, Petitioner filed a pro se brief in which he argued that his prior drug convictions did not qualify as ACCA predicates because the statute of conviction was broader than the ACCA's

4

definition of a serious drug offense. Id., Dkt. Entry of Dec. 12, 2016. The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Brown, 682 F. App'x 820 (11th Cir. 2017); (Crim. Doc. 82). The court explained: "Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because an independent examination of the entire record reveals no arguable issue of merit, counsel's motion to withdraw is **GRANTED**, and Brown's conviction and sentence are **AFFIRMED**." Brown, 682 F. App'x at 820.

Petitioner did not seek certiorari review from the Supreme Court. This § 2255 Motion followed.

**II.   Applicable Law**

**A. General Principles and Ineffective Assistance of Counsel**

Under 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 authorizes a district court to grant relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief

5

through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). "[A] collateral attack is the preferred vehicle for an ineffective-assistance claim." United States v. Padgett, 917 F.3d 1312, 1318 (11th Cir. 2019).

To establish ineffective assistance of counsel, a § 2255 petitioner must show both: (1) that his counsel's performance was constitutionally deficient, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether counsel was deficient, "[t]he standard for effective assistance of counsel is reasonableness, not perfection." Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) (citing Strickland, 466 U.S. at 687). "In the light of the 'strong presumption' that counsel's actions [fell] within the wide range of constitutionally adequate assistance, a movant 'must establish that no competent counsel would have taken the [challenged] action.'" Khan v. United States, 928 F.3d 1264, 1272 (11th Cir.) (quoting Chandler v. United States, 218 F.3d 1305, 1314-15 (11th Cir. 2000) (en banc)), cert. dismissed, 140 S. Ct. 339 (2019). To demonstrate prejudice, the petitioner must show a reasonable likelihood that the result of the proceeding would have been different but for counsel's error. Martin, 949 F.3d at 667 (citing Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). The Court considers the totality of the evidence in determining whether a petitioner has established deficient

6

performance and prejudice. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

## B. The Armed Career Criminal Act (ACCA)

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and who has three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a 15-year mandatory minimum prison sentence. 18 U.S.C. § 924(e)(1). The term "serious drug offense" means:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

Id., § 924(e)(2)(A).

"In determining whether a conviction qualifies as a serious drug offense, courts generally apply a categorical approach, looking 'only to the fact of conviction and the statutory definition of the prior offense, instead of the actual

7

facts underlying the defendant's prior conviction.'" United States v. Simmons, 820 F. App'x 923, 925 (11th Cir. 2020) (quoting United States v. Robinson, 583 F.3d 1292, 1295 (11th Cir. 2009)). If the statute of conviction contains alternative elements, the sentencing court may consult Shepard-approved[3] sources, such as a charging document or the judgment, to discern the nature of the conviction. Simmons, 820 F. App'x at 925–26.

### III. Discussion

#### A. Grounds One, Two, and Four: The ACCA enhancement

The focus of Petitioner's § 2255 Motion is challenging the ACCA enhancement. Grounds One, Two, and Four present variations of the same argument. In Ground One, he contends that the Court violated his Sixth Amendment right to a jury trial by counting his three prior convictions for the sale or delivery of cocaine as ACCA predicates. (Civ. Doc. 1 at 4). Petitioner claims that the Court "refused to use the categorical approach" and instead "used the facts of Petitioner's (3) prior state of Florida drug convictions to determine that Petitioner was an Armed Career Criminal." (Id.). In Ground Two, Petitioner alleges that, in this case, the "categorical approach" requires the sentencing court to compare the elements of the state offense to the elements of a generic federal drug trafficking crime. (Id. at 5–6). He alleges that

---

[3]   Shepard v. United States, 544 U.S. 13 (2005).

8

any other approach would render the definition of a serious drug offense void for vagueness. (Id. at 6). According to Petitioner, his prior convictions are not ACCA predicates because their elements are broader than those of a generic federal drug offense. In Ground Four, Petitioner asserts that Eleventh Circuit precedent is contrary to precedent from the Supreme Court and other circuits because the Eleventh Circuit has rejected the categorical approach urged by Petitioner (i.e., comparing the elements of the state offense with the elements of a generic federal drug trafficking crime). (Id. at 9).

As a preliminary matter, each of these claims are procedurally defaulted or were resolved against Petitioner on appeal. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal quotation marks and citation omitted). Likewise, it is "long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the court of appeals] rejected in his direct appeal." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (citations omitted).

To the extent Petitioner claims that the Court violated his Sixth Amendment rights by basing the ACCA enhancement on the facts of his prior drug convictions, he could have advanced that challenge on direct appeal but

9

failed to do so. Thus, this claim is procedurally defaulted. McKay, 657 F.3d at 1196. To the extent Petitioner claims that the Court failed to properly apply the categorical approach or that his prior drug convictions do not fit the ACCA's definition of a serious drug offense, he did raise these claims on direct appeal in his pro se brief. Brown, No. 16–14707, Dkt. Entry of Dec. 12, 2016. However, the Eleventh Circuit Court of Appeals implicitly rejected these arguments when it found no arguable issues of merit and affirmed his conviction and sentence. Brown, 682 F. App'x at 820. Thus, these claims may not be relitigated in a § 2255 motion. Stoufflet, 757 F.3d at 1239.

Petitioner's claims lack merit in any event. In Shular v. United States, the Supreme Court affirmed a defendant's ACCA sentence where, like Petitioner, the contested predicate conviction was under Florida Statutes Section 893.13(1)(a), which "makes it a crime to 'sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.'" 140 S. Ct. 779, 784 (2020) (quoting Fla. Stat. § 893.13(1)(a)). In doing so, the Supreme Court held that § 924(e)(2)(A)(ii)'s definition of a serious drug offense does not call for a comparison to a generic offense. Id. at 782. Rather, the Court held that "[t]he 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." Id. The Supreme Court rejected Shular's argument that, because Section 893.13(1)(a) did not require

the state to prove an element of <u>mens rea</u> regarding the illicit nature of the controlled substance, the conviction was not a "serious drug offense." <u>Id.</u> at 787. Moreover, the Supreme Court held that § 924(e)(2)(A)(ii) was unambiguous because its "text and context leave no doubt that it refers to an offense involving the <u>conduct</u> of 'manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance.'" <u>Id.</u> (emphasis in original); see also <u>id.</u> at 787–89 (Kavanaugh, J., concurring). In <u>Shular</u>,

> [T]he Supreme Court told us two important things about the terms in this ACCA definition: (1) "the terms in § 924(e)(2)(A)(ii) – 'manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance' – are unlikely names for generic offenses" and instead "[t]hose words undoubtedly can be used to describe conduct," and (2) "by speaking of activities a state-drug offense 'involves,' § 924(e)(2)(A)(ii) suggests the descriptive terms immediately following that word 'involv[es]' identify conduct." <u>Id.</u> at ––––, 140 S. Ct. at 785.
>
> The Supreme Court also clarified that the ACCA's definition of "serious drug offense" "requires only that the state offense involve the conduct specified in the federal statute [the ACCA]; it does not require that the state offense match certain generic offenses." <u>Id.</u> at ––––, 140 S. Ct. at 782. The Supreme Court confirmed that § 924(e)(2)(A)(ii) calls for application of a categorical approach, but one that determines whether state drug offenses "involve,"—that is "necessarily requir[e]"—the types of conduct identified in § 924(e)(2)(A)(ii). <u>Id.</u> at ––––, 140 S. Ct. at 785–86.

<u>United States v. Conage</u>, 976 F.3d 1244, 1252 (11th Cir. 2020).

<u>Shular</u> also confirmed the correctness of the Eleventh Circuit's earlier decision in <u>United States v. Smith</u>, which held that it "need not search for the elements of 'generic' definitions of 'serious drug offense' and 'controlled

11

substance offense' because these terms are defined by a federal statute and the Sentencing Guidelines, respectively." 775 F.3d 1262, 1267 (11th Cir. 2014). The Smith court concluded that although Florida Statutes Section 893.13(1) does not contain an element of mens rea regarding the illicit nature of a controlled substance, it "is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b)" because neither term requires an element of mens rea. Id. at 1268.

The record and the foregoing case law foreclose Petitioner's arguments. The record refutes Petitioner's allegation in Ground One that the Court imposed the ACCA enhancement based on the facts of his prior drug convictions, in violation of the Sixth Amendment. Rather, the Court received certified copies of the charging instruments and judgments pertaining to those convictions, which established that Petitioner committed the sale or delivery of cocaine on three separate occasions, in violation of Florida Statutes Section 893.13(1)(a). (Crim. Doc. 64-1; Crim. Doc. 64-2). The Court reviewed the prior convictions at the sentencing hearing and concluded, without objection, that they qualified Petitioner for the ACCA enhancement. (Crim. Doc. 75 at 7–12). As the Supreme Court and the Eleventh Circuit have recognized, the Sixth Amendment permits a district judge to find the fact of a prior conviction used to increase the mandatory minimum sentence. United States v. Phillips, 834 F.3d 1176, 1184 (11th Cir. 2016) (citing Almendarez-Torres v. United States, 523 U.S. 224, 247

12

(1998)). And, contrary to Petitioner's arguments in Grounds Two and Four, precedent from the Supreme Court and the Eleventh Circuit establish that a conviction for the sale or delivery of cocaine under Florida law is a serious drug offense under the ACCA. Shular, 140 S. Ct. at 786–87; Smith, 775 F.3d at 1268. Thus, relief on Grounds One, Two, and Four is due to be denied.

### B. Ground Three: Ineffective Assistance

Next, Petitioner claims that appellate counsel gave ineffective assistance by failing to brief the issues discussed above and those raised in his pro se brief on direct appeal. (Civ. Doc. 1 at 7). As noted before, appellate counsel filed an Anders brief before the Eleventh Circuit Court of Appeals. Following an independent review of the record, the Eleventh Circuit determined that appellate counsel's "assessment of the relative merit of the appeal is correct," that there was "no arguable issue of merit," and affirmed Petitioner's conviction and sentence. Brown, 682 F. App'x at 820.

As the Eleventh Circuit determined in its opinion, and as this Court explained with respect to Grounds One, Two, and Four, the arguments that Petitioner claims counsel should have raised all lack merit. "[A]ppellate counsel could not have been constitutionally ineffective by failing to present a meritless claim." Franks v. GDCP Warden, 975 F.3d 1165, 1171 (11th Cir. 2020). Accordingly, this claim is due to be denied.

13

### C. Motion to Supplement: Subject Matter Jurisdiction

Petitioner also moves to supplement the § 2255 Motion with a claim that the Court lacked subject matter jurisdiction over the case. (Civ. Doc. 5). Petitioner contends that the interstate commerce element of 18 U.S.C. § 922(g) bears on the Court's subject matter jurisdiction. He claims that the Court lacked subject matter jurisdiction because the indictment did not allege, and the Court did not find, that the firearm he possessed was an article of interstate commerce. The United States opposes the Motion to Supplement, arguing that the claim is both untimely and meritless. (Civ. Doc. 7).

The Court agrees with the United States that the claim is both untimely and meritless, but it is easier to explain why the claim simply lacks merit. The Eleventh Circuit has rejected the theory "that a failure of allegation or proof on an interstate-commerce element deprives the district court of jurisdiction." Alikhani v. United States, 200 F.3d 732, 735 (11th Cir. 2000). In United States v. Viscome, the Eleventh Circuit held that a defendant's attack on the sufficiency of the evidence concerning the interstate nexus element was a non-jurisdictional defect that he waived by pleading guilty. 144 F.3d 1365, 1370 (11th Cir. 1998). Likewise, Petitioner waived his challenge to the interstate commerce element because he pleaded guilty to possession of a firearm by a convicted felon.

14

In any event, Petitioner admitted that the gun he possessed "was manufactured in Nevada and necessarily traveled in interstate commerce by its presence in Duval County, Florida." (Crim. Doc. 73 at 24). "The interstate nexus element of 18 U.S.C. § 922(g) can be established by showing that the firearm was manufactured in a different state from the one in which it was ultimately possessed by the defendant." United States v. Folk, 754 F.3d 905, 917 (11th Cir. 2014) (citations omitted). Thus, the interstate commerce element was satisfied.

## IV. Conclusion

The Court has considered each of Petitioner's claims, but finds that none warrants relief under 28 U.S.C. § 2255. Accordingly, it is hereby **ORDERED**:

1. Petitioner Cedric Lavar Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. Petitioner's Motion to Supplement (Civ. Doc. 5) is **DENIED**.

3. The Clerk should enter judgment in favor of the United States and against Petitioner, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. §

2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner